JUDGE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MOLLY GIBBS, WILLIAM W.
HAMILTON, LINDA K. JANSEN, and
THOMAS W. JOHNSON,

                              Plaintiffs,

        vs.

CITY OF TACOMA and PIERCE COUNTY,

                              Defendants.

NO.  C09-5310-RBL

DEFENDANTS' REPLY ON
DEFENDANTS' JOINT MOTION FOR
PARTIAL SUMMARY JUDGMENT AND
MOTION TO STRIKE

NOTE FOR HEARING:  July 2, 2010

I.      **The Undisputed Material Facts In This Case Require Dismissal of Plaintiffs'
        Right To Counsel Claims.**

        Plaintiffs' responsive briefing demonstrates that the material facts in this case are not

in dispute.  The plaintiffs' Fifth Amendment claim must be dismissed because it is undisputed

plaintiffs were advised of their *Miranda* rights upon arrest, were not subject to custodial

interrogation, and made no incriminating statements.  *See Chavez v. Martinez*, 538 U.S. 760,

766, 123 S.Ct. 1994, 155 L.Ed.2d 984 (2003)(Plaintiff who alleges a Fifth Amendment

1  violation as part of Section 1983 claim must show that the police obtained a statement from

2  plaintiff in violation of *Miranda*, and that the statement was actually "used" in a criminal case

3  against the plaintiff).

4      The plaintiffs' Sixth Amendment claim must be dismissed because it is undisputed

5  that only one of the four plaintiffs was ultimately charged with a crime, and this criminal

6  charge was not filed until *after* the plaintiff's release from custody. *See Rothgery v. Gillespie*

7  *County, Texas*, 554 U.S. 191, 128 S.Ct. 2578, 2581, 171 L.Ed.2d 366 (2008)(Sixth

8  Amendment right to counsel does not attach until a criminal defendant's first appearance

9  before a judicial officer after formal charges have been filed). Defendants are entitled to

10  summary judgment dismissal of plaintiffs' right to counsel claims.

11

12  **II.    Plaintiffs' Due Process Argument Fails Because They Cannot Show Impairment of a Constitutionally Protected Liberty Interest.**

13

14      Plaintiffs do not contest their failure to show a violation of the Fifth Amendment right

15  to counsel. Moreover, they acknowledge that their Sixth Amendment right to counsel had not

16  attached at the time of their release from detention "under the common reading" of controlling

17  precedent. Plaintiffs' Response To Summary Judgment Motion, at 8:17-19.

18      They argue, however, that under the Due Process Clause they should have been

19  granted what amounts to *special* access to their attorney beyond the requirements of the Fifth

20  and Sixth Amendments, *i.e.*, access that was ***on demand*** and ***in person***. They cannot make a

21  prima facie case for their due process claim because they cannot show they were deprived of

22  any constitutionally protected liberty interest.

23  *

24  *

25  *

DEFENDANTS' REPLY ON DEFENDANTS' JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT AND MOTION TO STRIKE - 2
Gibbs Defendants' reply on msj.doc
USDC WAWD No C09-5310-RBL

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office:  (253) 798-6732
Fax:  (253) 798-6713

The Due Process Clause of the Fourteenth Amendment protects individuals against the deprivation of liberty or property by the government without due process.[1] A threshold requirement of a due process claim is the deprivation of a constitutionally protected liberty or property interest. *See Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577-78, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). The Due Process Clause standing alone does not confer on individuals a constitutionally protected liberty or property interest. *See Sandin v. Conner*, 515 U.S. 472, 480, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). If a plaintiff meets the threshold requirement of pleading a constitutionally protected liberty interest, the court then proceeds to analyze the amount of process due. *See e.g. Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

Plaintiffs have not met the threshold requirement of showing a constitutionally protected liberty interest. Plaintiffs were not subject to custodial interrogation, made no incriminating statements, and were not charged with any crime while detained. As explained above, their constitutional right to counsel was not triggered during their relatively brief detention period. Plaintiffs have not shown a deprivation of any constitutionally protected liberty interest.

In an effort to establish a liberty interest, plaintiffs rely on cases involving post-conviction prisoners. These cases are inapplicable because they involve a constitutionally recognized "right to access to the court" under the Fourteenth Amendment, which applies only to individuals who are incarcerated pursuant to a criminal conviction. *See e.g. Ching v. Lewis,* 895 F.2d 608 (9th Cir. 1990). In contrast, plaintiffs were *arrestees* who had not yet

---

[1] Defendants assume plaintiffs' due process claim is brought under the Fourteenth Amendment. The Due Process Clause of the Fifth Amendment applies only to the federal government and therefore has no applicability here. *Barnes v. City of Omaha*, 574 F.3d 1003, 1005 n. 2 (8th Cir.2009).

DEFENDANTS' REPLY ON DEFENDANTS' JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT AND MOTION TO STRIKE - 3
Gibbs Defendants' reply on msj.doc
USDC WAWD No C09-5310-RBL

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office: (253) 798-6732
Fax: (253) 798-6713

been charge with any crime, let alone convicted and incarcerated. The *Fourth Amendment* provides arrestees access to the court by requiring a judicial determination of probable cause within 48 hours of an individual's arrest. *See County of Riverside v. McLaughlon*, 500 U.S. 44, 56, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991). It is undisputed that the plaintiffs were all released from custody long before this 48 hour period elapsed.

Plaintiffs also rely on cases that involve arrestees charged with crimes and awaiting trial. Under this line of cases, however, plaintiff has the burden of showing that the alleged deprivation constituted "punishment." *See e.g. Bell v. Wolfish*, 441 U.S. 520, 535, 99 S. Ct. 1861. 60 L.Ed.2d 447 (1979). Plaintiffs have no evidence to show that the lack of special heightened contact with an attorney, *i.e.*, contact that is on demand and in person, was some form of "punishment." It is undisputed that plaintiffs did *in fact* have access to counsel, although not the special form they now seek. It is undisputed that arrestees retained possession of their cell phones during part of their detention at the Tacoma Police Headquarters and were able to make calls. It is also undisputed that plaintiffs were provided access to phones during their detention in the Pierce County Jail. Only one of the four plaintiffs, Mr. Hamilton, ***even attempted*** to use a phone to communicate with a lawyer, and Mr. Hamilton spoke to his lawyer **both** during his detention at Tacoma Police Headquarters **and** at the Pierce County Jail. Under these facts, plaintiffs cannot show that the absence of "on demand" and "in-person" contact with an attorney constituted some form of "punishment." Plaintiffs have failed to show a prima facie case to support their due process claim.

Plaintiffs' due process claim must also be rejected under *Albright v. Oliver*, 510 U.S. 266, 273, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). Under *Albright*, "[w]here a particular

DEFENDANTS' REPLY ON DEFENDANTS' JOINT MOTION FOR PARTIAL
SUMMARY JUDGMENT AND MOTION TO STRIKE - 4
Gibbs Defendants' reply on msj.doc
USDC WAWD No C09-5310-RBL

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office: (253) 798-6732
Fax: (253) 798-6713

Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.'" *Albright*, 510 U.S. at 273 (*quoting Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)). Plaintiffs' right to counsel claim is governed by the protections of the Fifth and Sixth Amendments, and these amendments constitute the "explicit textual source" referenced in *Albright*. These amendments, instead of the Due Process Clause, should govern the analysis of plaintiffs' claims. *See e.g. Hufford v. McEnaney*, 249 F.3d 1142, 1151 (9th Cir. 2001) (analyzing Section 1983 claim under First Amendment as "explicit textual source" instead of Due Process Clause).

Finally, with respect to their Sixth Amendment claim, plaintiffs essentially argue that this Court should be the first court in the nation to hold that the Sixth Amendment right to counsel attaches at the time of arrest, instead of at the accused person's first appearance in court to answer on the criminal charge. This proposal would, in effect, transform Sixth Amendment jurisprudence. It would require municipalities to begin funding the immediate appointment of an attorney *each and every time* an indigent individual is *arrested*, even if the person is never charged with a criminal offense. Plaintiffs have no authority to support their proposed transformation of Sixth Amendment jurisprudence, and their argument should be rejected.

**III      Plaintiffs Have Failed to Make a Prima Facie Case For Municipal Liability.**

In addition to failing to make a prima facie showing of a constitutional deprivation, plaintiffs have failed to make a prima facie showing on each of the other elements involved in making a municipal liability case.

DEFENDANTS' REPLY ON DEFENDANTS' JOINT MOTION FOR PARTIAL
SUMMARY JUDGMENT AND MOTION TO STRIKE - 5
Gibbs Defendants' reply on msj.doc
USDC WAWD No C09-5310-RBL

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office: (253) 798-6732
Fax: (253) 798-6713

1

2

3        As outlined in the defendants' opening memorandum, when a plaintiff asserts a claim

against a municipality for an alleged failure to act to preserve constitutional rights, the

4   plaintiff must prove:  (1) that there was a constitutional deprivation; (2) that the municipality

5   had a policy, custom or practice; (3) that the policy custom or practice amounts to "deliberate

6   indifference" to plaintiff's constitutional rights; and (4) that the policy, custom or practice was

7   the "moving force" behind the constitutional deprivation.  *Van Ort v. Estate of Stanewich*, 92

8   F.3d 831, 835 (9th Cir. 1996).  Plaintiffs have not met their burden of establishing any of these

9   elements.

10       First, as stated above, plaintiffs cannot show a constitutional deprivation with regard

11  to their right to counsel.

12       Second, plaintiffs have not offered evidence of any policy, custom or practice

13  applicable in this instance.  With regard to Pierce County, plaintiffs offer a jail policy of

14  admitting professional visitors "between 0800 and 2155," and they merely *speculate* this

15  policy applied in this instance to exclude attorney access after 21:55 or 9:55 p.m.  *See* Exhibit

16  J to Declaration of Christopher Taylor, page 338, lines 9-12.[2]  However, the language

17  contained in plaintiffs' submission indicates the policy specifically applies to "inmates" who

18  are "housed" in the jail, *i.e.*, assigned to inhabit a specific jail "cluster," and any attorney

19  meeting will take place "*at the cluster interview room/visiting room where the inmate is

20  housed*."  See Exhibit J to Declaration of Christopher Taylor, page 338, lines 9-12.  It is

21  uncontested that plaintiffs were released after an abbreviated booking process, never required

22

23

24  [2] The relevant text of this policy reads as follows:  "A professional visit is an interview between **inmate** and
attorney or other officials. . . . A professional visit is conducted at the **cluster interview room/visiting room**
25  **where the inmate is housed.**  Professional visitors are admitted between 0800 and 2155 daily except during an
**emergency, counts, meals, and lockdowns**."  Declaration of Christopher Taylor, Exhibit J, page 338, lines 9-12
(emphasis added).

DEFENDANTS' REPLY ON DEFENDANTS' JOINT MOTION FOR PARTIAL
SUMMARY JUDGMENT AND MOTION TO STRIKE - 6
Gibbs Defendants' reply on msj.doc
USDC WAWD No C09-5310-RBL

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office:  (253) 798-6732
Fax:  (253) 798-6713

1   to change into jail clothing, never assigned into a "cluster," and never "housed" as "inmates"

2   in the jail.

3         With regard to the City of Tacoma, plaintiffs have not offered any evidence

4   whatsoever of a policy, custom or practice properly attributable to the City.[3]   In fact,

5   plaintiffs have premised their Fifth and Sixth Amendment claims against Tacoma upon the

6   assumption that Tacoma did not have a policy.

7         Third, plaintiffs have offered no evidence to establish that any course of action taken

8   by either the City of Tacoma or Pierce County was undertaken with deliberate indifference to

9   constitutional rights and protections.  "Deliberate indifference" is a stringent standard,

10  requiring the plaintiffs to present evidence demonstrating that the municipality or a municipal

11  policymaker chose the specific course in question – whether it be training, investigation of

12  citizen complaints or disciplinary decisions - in deliberate disregard of the known or obvious

13  consequences of his or her decisions.  *Bryan County v. Brown,* 520 U.S. 397, 403-404, 117

14  S.Ct. 1382, 1388-89, 137 L.Ed.2d 626 (1997).  In order to defeat the instant motion for

15  summary judgment, plaintiffs must adduce more than their own conclusory, bald assertion

16  that the City or County was "deliberately indifferent" to their rights.  *See e.g. Roley v. New*

17  *World Pictures, Ltd.,* 19 F.3d 479, 482 (9th Cir.1994) (explaining that "naked allegations and

18  speculation" are insufficient to preclude summary judgment).

---

[3] For purposes of §1983 liability, an "official policy" is "[a] policy statement, ordinance, regulation or decision that is official adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority."  *Brown v. Bryan County,* 219 F.3d 450, 457 (5th Cir. 2000).  Similarly, a custom is "[a] persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy."  *Id.*; s*ee also Mariani v. Pittsburgh*, 624 F. Supp. 506, 509 (W.D. Penn. 1986) ("'custom' denotes a practice which is so widespread, well settled and permanent, that it rises to the level of law").

DEFENDANTS' REPLY ON DEFENDANTS' JOINT MOTION FOR PARTIAL
SUMMARY JUDGMENT AND MOTION TO STRIKE - 7
Gibbs Defendants' reply on msj.doc
USDC WAWD No C09-5310-RBL

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office:  (253) 798-6732
Fax:  (253) 798-6713

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Fourth, plaintiffs have not provided evidence that any policy, custom or practice was the "moving force" behind any constitutional deprivation.  With regard to Pierce County, plaintiffs merely speculate that the jail visitation policy was applied in this case, even though the policy by its terms applied only to "inmates" who are "housed" in specific "clusters" of the jail.  Plaintiff cannot show the policy had any application in this case.

Plaintiffs have failed to adduce competent, admissible evidence to support each and every element of their prima facie case, and their failure to do so renders all other facts immaterial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  Plaintiffs' right to counsel claims fail as a matter of law and must be dismissed.

**IV.    Motion to Strike:  The Court Should Strike Plaintiffs' Materials That Contain Inadmissible Self-Serving Hearsay in the Form of Plaintiffs' Written Responses to Interrogatories.**

Plaintiffs' statements contained in Exhibits A, B, C, D, E, F, G, and H of plaintiffs' materials should be stricken as inadmissible hearsay.  These exhibits are documents containing plaintiffs' responses to interrogatories.  Hearsay is an out-of-court statement offered to prove the truth of the matter asserted.  FRE 801(c).  Plaintiffs seek to admit their own interrogatory answers to prove the truth of the matters asserted.  Their interrogatory answers are inadmissible hearsay and should be stricken.

"[H]earsay is inadmissible unless it is defined as non-hearsay ... or falls within a hearsay exception...." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 778 (9th Cir.2002).   For example, FRE 801(d)(2) provides that a party's own statements are not hearsay, and therefore not barred by the hearsay rule, but *only* when the statement is offered *by the party-opponent*, not by the party himself or herself.  In addition, FRE 804(b)(1) allows for admissibility of a

DEFENDANTS' REPLY ON DEFENDANTS' JOINT MOTION FOR PARTIAL
SUMMARY JUDGMENT AND MOTION TO STRIKE - 8
Gibbs Defendants' reply on msj.doc
USDC WAWD No C09-5310-RBL

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office:  (253) 798-6732
Fax:  (253) 798-6713

party's former testimony, but only when the opposing party had an opportunity for cross-examination. Neither exception applies in this case.

Plaintiffs' interrogatory answers contain self-serving hearsay, and no exception to the hearsay rule supports their admissibility. Plaintiffs' interrogatory answers should therefore be stricken. *See e.g. United States v. Bond*, 87 F.3d 695, 699-700 (5th Cir. 1996) (characterizing transcript of tape made while Bond was a fugitive as "rank, self-serving hearsay" and affirming exclusion of transcript); *Brown v. Internal Revenue Service*, 82 F.3d 801, 805-806 (8th Cir. 1996)(debtors' answers to interrogatories, certain documents and affidavit were inadmissible hearsay as debtors were not present at hearing and thus, not subject to cross examination, and interrogatories were not offered by party-opponent); *United States v. Palow*, 777 F.2d, 52, 19 Fed. Rules Evid. Serv. 1372 (1st  Cir. 1985), *cert. denied*, 475 U.S. 1052, 106 S.Ct. 1277, 89 L.Ed.2d 585 (1986)(requirement of Rule 801(d)(2)(A) that admission be offered by party-opponent is designed to exclude introduction of self-serving statements by party who made them); *Auto-Owners Insurance Co. v. Jensen*, 667 F.2d 714, 721 (8th Cir. 1981)("An admission must be offered against a party, not for him.").

## VI.    Conclusion

Defendants Pierce County and City of Tacoma respectfully request that the Court grant the motion for partial summary judgment and dismiss plaintiffs' 42 U.S.C. § 1983 claims of municipal liability arising from alleged violations of their Fifth Amendment, Sixth Amendment, and due process rights.

With regard to the motion to strike, the defendants respectfully request that the Court strike as inadmissible hearsay plaintiffs' answers to interrogatories contained in Exhibits A, B, C, D, E, F, G, and H of plaintiffs' materials.

DEFENDANTS' REPLY ON DEFENDANTS' JOINT MOTION FOR PARTIAL
SUMMARY JUDGMENT AND MOTION TO STRIKE - 9
Gibbs Defendants' reply on msj.doc
USDC WAWD No C09-5310-RBL

Pierce County Prosecuting Attorney/Civil Division
955 Tacoma Avenue South, Suite 301
Tacoma, Washington 98402-2160
Main Office:  (253) 798-6732
Fax:  (253) 798-6713

1    Respectfully submitted this 2nd day of JULY, 2010.

2

3                                        /s/ Donna Y. Masumoto
                                         DONNA Y. MASUMOTO, WSB #19700
4                                        Attorney for Defendant Pierce County
                                         Pierce County Prosecutor / Civil
5                                        955 Tacoma Avenue South, Suite 301
                                         Tacoma, WA  98402-2160
6                                        Ph: 253-798-4289 / Fax: 253-798-6713
                                         dmasumo@co.pierce.wa.us
7

8                                        /s/ Jean P. Homan
                                         JEAN P. HOMAN, WSBA #27084
9                                        Attorney for Defendant City of Tacoma
                                         Tacoma City Attorney's Office
10                                       747 Market Street, Suite 1120
                                         Tacoma, WA  98402
11                                       (253) 591-5885
                                         Fax:  (253) 591-5755
12                                       jhoman@ci.tacoma.wa.us

13

14              **IN THE UNITED STATES DISTRICT COURT**
             **FOR THE WESTERN DISTRICT OF WASHINGTON**

15

16   On July 2nd , 2010, I hereby certify to the following:

17   ☒    I electronically filed the foregoing Defendants' Reply on Defendatns' Motion for
          Partial Summary Judgment and Motion to Strike with the Clerk of the Court using the
18        CM/ECF system which will send notification of such filing to the following:

19   Christopher M. Taylor:  Christopher@evergreenlawgrp.com
     Jean P. Homan:  jhoman@ci.tacoma.wa.us

20

21                                       /S/ Chandra Zimmerman
                                         Chandra Zimmerman, Legal Assistant
22                                       Pierce County Prosecutor's Office
                                         Civil Division, Suite 301
23                                       955 Tacoma Avenue South
                                         Tacoma, WA 98402-2160
24                                       Telephone: (253) 798-6081
                                         Fax: (253) 798-6713
25