HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MOLLY GIBBS, WILLIAM W. HAMILTON, LINDA K. JANSEN, and THOMAS W. JOHNSON,<br><br>                   Plaintiffs,<br><br>   v.<br><br>CITY OF TACOMA and PIERCE COUNTY,<br><br>                 Defendants. | Case No. C09-5310-RBL<br><br><br>ORDER ON SUMMARY JUDGMENT [Dkt. #20] |

THIS MATTER is before the court on Defendants' Motion for Partial Summary Judgment [Dkt. #20]. The case arises from the March 11, 2007 arrest and detainment of 23 protestors participating in a political demonstration near the Port of Tacoma. Plaintiffs are four of the protestors, Molly Gibbs, William Hamilton, Linda Jansen, and Thomas Johnson. Plaintiffs intentionally got arrested for disobeying an officer's lawful orders, intending to make a political statement out of the arrests. They were detained for about twelve hours before being released. Only one Plaintiff was eventually charged with a crime.

Plaintiffs sue for violations of their First, Fifth, Sixth, and Fourteenth[1] Amendment rights, claiming in part that they were unlawfully denied access to their attorney while detained.

---

[1] Plaintiffs' Fifth Amendment due process claim is invalid, as the Fifth Amendment Due Process Clause only applies to the federal government. *See, e.g., Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008). It is therefore assumed that Plaintiffs bring their due process claim against the city and county under the Fourteenth Amendment.

Order - 1

Defendants City of Tacoma and Pierce County seek summary dismissal of Plaintiffs' Fifth and Sixth Amendment claims, arguing that they did not violate Plaintiffs' constitutional right against self incrimination, their right to due process, or their right to counsel.

For the reasons that follow, Defendants' Motion for Partial Summary Judgment is GRANTED and Plaintiffs' Fifth and Sixth Amendment claims, along with their Fourteenth Amendment due process claim, are DISMISSED with prejudice.

**I.    FACTS**

At roughly 3:30 p.m. on March 11, 2007, Tacoma Police Department ("TPD") agents arrested 23 people, including Plaintiffs, at a protest demonstration near the Port of Tacoma in Pierce County. The demonstrators were protesting the Army's use of the port for shipping military equipment to Iraq and Afghanistan. Plaintiffs intentionally got arrested as a political statement by climbing over barricades enclosing the designated protest area. Upon arrest they were advised of their right to remain silent and of their right to have counsel present during any custodial interrogation. Plaintiffs did not waive these rights. The police did not subject any Plaintiff to a custodial interrogation, and none made incriminating statements.

Plaintiffs and the other arrestees were detained in a Pierce Transit bus and eventually transported to the TPD headquarters. The arrestees retained possession of their cell phones while on the bus and while initially detained at headquarters. While at headquarters, Plaintiff Hamilton received a call on his cell phone from Plaintiffs' attorney, Legrand Jones[2]. After he spoke to Jones, Hamilton allowed Plaintiff Johnson to use the cell phone to call his wife.

TPD agents took possession of the arrestees' personal items, including cell phones, before transporting them to the Pierce County Jail, where they were booked. At the jail, the arrestees were allowed access to jail telephones, which Hamilton used to once again speak with Jones, and which Gibbs used to call her husband.

At approximately 3:00 a.m. on March 12, 2007, Plaintiffs and the other arrestees were released from jail on their personal recognizance. Plaintiffs then met with their attorney, Jones, who had been waiting for them outside the jail.

---

[2]Plaintiffs indicate that Jones had been retained as legal counsel for all four of them prior to the arrest. [*See* Dkt. #1, Complaint].

Plaintiffs requested to speak with their attorney throughout the roughly twelve hour detainment. These requests were denied by TPD officials. Jones requested to speak with his clients, but his request was also denied.

Gibbs, Johnson, and Jansen were not charged with any crime. On March 14, 2007, Hamilton was charged with a misdemeanor violation of RCW 46.61.015, "Obedience to police officers, flaggers, or firefighters," as adopted by Tacoma Municipal Code 11.05. [*See* Dkt. #1, Complaint]. He appeared before the Tacoma Municipal Court on March 15, 2007. This charge was later dismissed.

Plaintiffs filed their Complaint for Violations of Civil Rights [Dkt. #1] on May 27, 2009, seeking damages under 42 U.S.C. § 1983 for violations of their constitutional rights under the First, Fifth, Sixth, and Fourteenth Amendments. On April 30, 2010, this court granted stipulations dismissing Plaintiffs' various Sixth Amendment claims, except for that based on their right to counsel. [Dkt. #s15-18]. On June 10, 2010, Defendants moved for Partial Summary Judgment [Dkt. #20], seeking dismissal of Plaintiffs' Fifth Amendment claims and their remaining Sixth Amendment right to counsel claim.

**II.    DISCUSSION**

**A.    Summary Judgment Standard**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law.  Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient."  *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995).  Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from

which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

The material facts are undisputed. The only issue is whether Defendants' denial of Plaintiffs' requests to meet with their attorney while detained violated their Fifth, Sixth, or Fourteenth Amendment rights as a matter of law. This is a legal question amenable to resolution by summary judgment.

**B. Municipality Liability**

In order to set forth a claim against a municipality under 42 U.S.C. § 1983, a plaintiff must show that the defendant's employees or agents acted pursuant to an official custom, pattern or policy that permits deliberate indifference to, or violates, the plaintiff's civil rights; or that the entity ratified the unlawful conduct. *See Monell v. Department of Social Servs.*, 436 U.S. 658, 690-91 (1978); *Larez v. City of Los Angeles*, 946 F.2d 630, 646-47 (9th Cir. 1991).

Consistent with the *Monell* standard for municipality liability, the Ninth Circuit has held that a plaintiff bringing a § 1983 claim against a local government body for failure to act to preserve constitutional rights[3] must satisfy four elements:

> (1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy "amounts to deliberate indifference" to the plaintiff's constitutional right; and (4) that the policy is the "moving force behind the constitutional violation."

*Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (*citing also City of Canton, OH v. Harris*, 489 U.S. 378, 389-91 (1989)). Each element serves as a threshold requirement to get to the next, and all four must be satisfied for the claim to succeed. If the first element is not satisfied, i.e. if the plaintiff has not been deprived of any constitutional right as a matter of law, then discussion of the defendant's policies and any relation between those policies and the alleged constitutional deprivation is unnecessary.

Plaintiffs here point to Defendant Pierce County's policy of barring professional visitors, such as attorneys, from meeting with inmates in county jails between 9:55 p.m. and

---

[3] The Defendants' alleged failure to act was the failure to provide Plaintiffs access to their attorney, which presumably would have preserved their Fifth, Sixth, and/or Fourteenth Amendment rights.

8:00 a.m. They claim that this policy may reasonably be inferred to have caused, or at least contributed to, violations of their constitutional rights. [*See* Dkt. #22, Response]. Under *Oviatt*, if it is shown that Plaintiffs were not deprived of their constitutional rights as a matter of law, then discussion of the relation between Defendant's policy and the alleged violations is unnecessary, and any claims based on those violations may be dismissed.

### C.   Right Against Self-Incrimination (Fifth Amendment)

Plaintiffs' Fifth Amendment claim is based on the Defendants denying access to their attorney, which raises issues of self-incrimination and due process.

Under the Fifth Amendment right to be free from self incrimination, an arrestee must be warned of his right to remain silent, that anything he does say can be used as evidence against him, and that he has the right to the assistance of counsel during any custodial interrogation. *Miranda v. Arizona*, 384 U.S. 436, 471 (1966). This is meant to ensure that arrestees are not unfairly prone to hastily and unknowingly making statements that will later be used against them. *See Id*. It is undisputed that Plaintiffs here were advised of their *Miranda* rights upon arrest, were not subject to custodial interrogation, and made no incriminating statements. Thus, regardless of any denied access to an attorney during their subsequent detainment, Defendants did not violate Plaintiffs' Fifth Amendment right to be free from self-incrimination. Defendants' motion for summary dismissal of the self-incrimination claim is therefore GRANTED.

### D.   Right to Due Process (Fifth & Fourteenth Amendments) and Right to Counsel (Sixth Amendment)

Plaintiffs allege that the Defendants violated their Fifth Amendment right to due process and Sixth Amendment right to counsel by denying access to their attorney during the detainment. [*See* Dkt. #22, Response]. However, the Fifth Amendment Due Process Clause is inapplicable here, as it only applies to the federal government. *Bingue*, 512 F.3d at 1174. The Fourteenth Amendment Due Process clause mirrors that of the Fifth Amendment, but applies to the States. *Id*. Therefore, Plaintiffs' Fifth Amendment due process claim fails, but will be evaluated on its merits as an alleged violation of their Fourteenth Amendment right to due process.

The Due Process Clause of the Fourteenth Amendment protects individuals from deprivation of liberty or property by the government without due process of the law. If there is no deprivation of a liberty or property interest, the court need not assess the process due. This creates a two-part analysis, the first of which serves as a threshold requirement:

> We examine procedural due process questions in two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the State, *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 571, 92 S.Ct. 2701, 2706, 33 L.Ed.2d 548 (1972); the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient, *Hewitt v. Helms,* 459 U.S., at 472, 103 S.Ct., at 871.

*Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).

### 1. Right to be Free from Punishment

Attempting to show deprivation of a constitutionally protected liberty interest, Plaintiffs point to cases involving the Fourteenth Amendment due process right to be free from punishment prior to an adjudication of guilt. *See Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1241 (9th Cir. 2010) (holding that restrictions on a criminally charged pre-trial detainee which evince a punitive purpose or intent constitute punishment in violation of the detainee's Fourteenth Amendment rights). In making their claim, Plaintiffs imply that denial of in-person[4] and on-demand access to an attorney for detained arrestees who have yet to be charged with a crime constitutes "punishment" in the constitutional sense. [*See* Dkt. #22, Plaintiffs' Response]. Plaintiffs cite no authority supporting this notion, and provide no evidence that the TPD agents had punitive intent in denying their requests. The court can find no such authority or evidence, and is unwilling to broaden the right to be free from pre-adjudication punishment to inherently encompass a right to counsel.

### 2. Right to Counsel

Plaintiffs also point to cases involving the Fourteenth Amendment due process right to access counsel and the courts. Similarly, their Sixth Amendment claim is based on Defendants' alleged violation of their constitutional right to counsel.

---

[4] Plaintiffs did have access to their attorney, via telephone.

Order - 6

The due process cases cited by Plaintiffs address the rights of individuals who are incarcerated pursuant to a criminal conviction. *See Ching v. Lewis*, 895 F.2d 608, 609 (9th Cir. 1990) (holding that a convicted criminal incarcerated in state prison has, as part of his Fourteenth Amendment right to access the courts, the right of contact visitation with his attorney). Plaintiffs, on the other hand, were detained arrestees who had not yet been charged with any crime, let alone convicted. The Supreme Court has held that an individual does not obtain a right to counsel under the Sixth or Fourteenth Amendment until the commencement of adversary judicial proceedings against him:

> In a line of constitutional cases in this Court stemming back to the Court's landmark opinion in *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, it has been firmly established that a person's Sixth and Fourteenth Amendment right to counsel attaches only at or after the time that adversary judicial proceedings have been initiated against him.
>
> This is not to say that a defendant in a criminal case has a constitutional right to counsel only at the trial itself. The Powell case makes clear that the right attaches at the time of arraignment, and the Court has recently held that it exists also at the time of a preliminary hearing. But the point is that, while members of the Court have differed as to existence of the right to counsel in the contexts of some of the above cases, all of those cases have involved points of time at or after the initiation of adversary judicial criminal proceedings-whether by way of formal charge, preliminary hearing, indictment, information, or arraignment.

*Kirby v. Ill.*, 406 U.S. 682, 687 (1972) (internal citations omitted). This standard has since been upheld, and Plaintiffs admit that the Sixth Amendment right to counsel attaches at a criminal defendant's first appearance before a judicial officer. [*See* Dkt. #22, Plaintiffs' Response; Dkt. #20, Defendants' Motion for Partial Summary Judgment (*citing Rothgery v. Gillespie County, Tex.*, 128 S.Ct. 2578, 2581 (2008))].

The Fourth Amendment provides a check against indefinite detainment of an arrestee by requiring a judicial determination of probable cause for the arrest within the first 48 hours of detainment. *See County of Riverside v. McLaughlon*, 500 U.S. 44, 56 (1991).

It is undisputed that Plaintiffs were released from their twelve hour detainment prior to any appearance in court and before any judicial proceedings were initiated against them. Only

Order - 7

one of the four Plaintiffs, Hamilton, was subsequently charged with a misdemeanor crime, and he was the only Plaintiff to appear in court. The charge was filed on March 14, 2007, and in turn Hamilton's constitutional right to counsel attached on that day. He later testified that he had no problem gaining access to his attorney after being released from jail on March 12, 2007. [*See* Masumoto Dec., Dkt. #21, at Ex. D]. Because judicial proceedings were not initiated against the other three Plaintiffs, their constitutional right to counsel never attached. Accordingly, Defendants' denial of Plaintiffs' access to their attorney during the detainment did not violate their Fourteenth or Sixth Amendment right to counsel.

### 3. Right to Substantive Due Process

"Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (*quoting Graham v. Connor*, 490 U.S. 386, 395 (1989)). The Fifth, Sixth, and Fourteenth Amendments govern Plaintiffs' right to counsel, and they serve as explicit textual sources of constitutional protection from governmental denial of access to counsel. Further, to violate one's right to substantive due process, government officials must exercise "the most egregious official conduct," such that their actions "shock the conscience." *City of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). Denying Plaintiffs in-person access to their attorney, when they did not yet have a right to counsel and had access to telephones, can hardly be considered egregious conduct that shocks the conscience.

Even when viewed in the light most favorable to the Plaintiffs, the evidence does not support Plaintiffs' claim that their Fifth Amendment right to be free from self-incrimination, their Fourteenth Amendment right to due process, or their Sixth Amendment right to counsel were violated. Therefore, Plaintiffs' Fifth and Sixth Amendment claims, along with their Fourteenth Amendment due process claim, fail as a matter of law. Defendants' motion for summary dismissal of these claims is GRANTED.

**CONCLUSION**

Defendants' Motion for Partial Summary Judgment [Dkt. #20] is GRANTED, and Plaintiffs' Fifth and Sixth Amendment claims are DISMISSED with prejudice. Plaintiffs' Fourteenth Amendment due process claim is DISMISSED with prejudice. Plaintiffs' remaining claims are not addressed by this order.

**IT IS SO ORDERED.**

Dated this 28th day of July, 2010.


                               RONALD B. LEIGHTON
                               UNITED STATES DISTRICT JUDGE